IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONNIE LEON BRYANT,

    Petitioner,

v.                                                                 Civil Action No. **3:21CV523**

MICHAEL CARVAJIA,

    Respondent.

## MEMORANDUM OPINION

Ronnie Leon Bryant, a Virginia prisoner proceeding *pro se*, previously filed a petition for writ of habeas corpus in this Court "pursuant to 28 U.S.C. § 2255." Petition, *Bryant v. Carnajia*, No. 3:21cv426, (E.D. Va. filed June 30, 2021) (capitalization corrected). Bryant indicated that he was "seeking relief from a conviction and sentence imposed by the District of Columbia Superior Court." *Id.* at 1. By Memorandum Opinion and Order entered on July 27, 2021, this Court denied Bryant's petition because he had filed it in the wrong court. *Bryant v. Carnajia*, No. 3:21cv426, (E.D. Va. July 27, 2021). At that time, the Court admonished Bryant that, to the extent he wishes to pursue any further challenge to said conviction or sentence, he must file a motion in the District of Columbia courts where he was convicted and sentenced.[1]

Around the time that his habeas petition was pending here in the Richmond Division of the Eastern District of Virginia, Bryant also filed a document that he called a "Supplemental Petition for Writ of Habeas Corpus," in the Alexandria Division of this Court. Supplemental

---

[1] "A prisoner under a sentence imposed by the D.C. Superior Court may collaterally challenge the constitutionality of his conviction by moving in that court to vacate his sentence." *Upshur-Bey v. Stewart*, No. GLR–17–0144, 2018 WL 1583553, at *2 (D. Md. Apr. 2, 2018) (citing *Garris v. Lindsay*, 794 F.2d 722, 725 (D.C. Cir. 1986)). "Challenges to a D.C. Superior Court judgment of conviction must be pursued under D.C. Code § 23–100." *Id.* (citing *Blair-Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998)).

Petition, *Bryant v. Carvajia*, No. 1:21cv893 (E.D. Va. filed July 30, 2021).[2] Construing this submission as a supplement to the habeas petition that he had previously filed in this Court, the Alexandria Division transferred Bryant's filing to this Court. *See Bryant v. Carvajia*, No. 1:21cv893 (E.D. Va. Aug. 13, 2021).

In his latest submission, Bryant continues to challenge the same conviction and sentence imposed by the District of Columbia Superior Court that he previously challenged. (ECF No. 1, at 1–3.) Whether construed as a new petition for habeas relief, or as a motion to supplement his prior petition, Bryant's latest submission suffers from the same fundamental flaw as his prior petition, namely that it was filed in the wrong court, and, as such, must come to a similar end.

For the reasons previously stated, Bryant's petition/motion (ECF No. 1) will be DENIED WITHOUT PREJUDICE to Bryant's ability seek relief in the District of Columbia Courts. The action will be DISMISSED. A certificate of appealability will be DENIED.[3]

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 5-23-2022
Richmond, Virginia

---

[2] The Court notes that Bryant has spelled Respondent's name as both "Carnajia," and "Carvajia" in his various submissions. Because Respondent has not been called on to respond in these matters, the correct spelling of his name remains unclear. In referring to the various cases and submissions filed in this Court and in the Alexandria Division, the Court utilizes the spelling of Respondent's name employed by the CM/ECF docketing system in each respective instance.

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Bryant has not satisfied this standard.